## ORAL ARGUMENT NOT YET SCHEDULED

No. 23-7051

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

NIA LUCAS,

     Plaintiff-Appellant,

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES (AFGE) and AFGE LOCAL 228,

     Defendants-Appellees.

_____

On Appeal from the United States District Court
for the District of Columbia
No. 1:22-cv-00777

_____

## BRIEF OF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AS AMICUS CURIAE IN SUPPORT OF PLAINTIFF-APPELLANT'S OPPOSITION TO DEFENDANTS-APPELLEES' MOTION FOR SUMMARY AFFIRMANCE

_____

GWENDOLYN YOUNG REAMS
Acting General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

DARA S. SMITH
Assistant General Counsel

STEVEN WINKELMAN
Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(202) 921-2564
steven.winkelman@eeoc.gov

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**A.     Parties and Amici**

Except for the Equal Employment Opportunity Commission (the Commission), all parties appearing in the district court and before this Court are listed in Plaintiff-Appellant's Opposition to Defendants-Appellees' Motion for Summary Affirmance. The Commission files this brief as amicus curiae and did not participate in the district court.

**B.     Ruling Under Review**

References to the ruling at issue appear in Plaintiff-Appellant's Opposition to Defendants-Appellees' Motion for Summary Affirmance.

**C.     Related Cases**

This appeal has been consolidated with *Lucas v. American Federation of Government Employees, et al.*, No. 23-7054 (D.C. Cir.). The Commission is not aware of any other related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C). However, Plaintiff-Appellant has filed separate actions against her former employing agency, which are pending in the U.S. District Court for the District of Columbia. *See Lucas v. Guzman, Adm'r, U.S. Small Bus. Admin.*, No. 1:21-cv-00296 (D.D.C.); *Lucas v. Guzman, Adm'r, U.S. Small Bus. Admin.*, No. 1:22-cv-02101 (D.D.C.).

/s/ Steven Winkelman
STEVEN WINKELMAN
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(202) 921-2564
steven.winkelman@eeoc.gov

July 27, 2023

i

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES.......... i

TABLE OF CONTENTS ................................................................... ii

TABLE OF AUTHORITIES................................................................iii

STATEMENT OF INTEREST ..........................................................1

INTRODUCTION ...........................................................................1

ARGUMENT...................................................................................3

   I.   Federal courts have jurisdiction over Title VII and ADA claims against federal-employee unions even when those claims are premised on conduct that could also support unfair representation claims under the CSRA. ....................................................3

      A.   Title VII and the ADA prohibit a broader range of union discrimination than the CSRA. ...........................................5

      B.   Title VII and ADA claims are subject to different substantive and procedural requirements than CSRA claims. ...........................7

      C.   Title VII and the ADA offer a broader collection of remedies than the CSRA. .....................................................9

   II.  Title VII and the ADA prohibit unions from harassing their members—or failing to remedy union agents' harassment of members—on the basis of protected traits. ...........................................11

CONCLUSION ................................................................................13

CERTIFICATE OF COMPLIANCE ..................................................15

CERTIFICATE OF SERVICE ..........................................................16

# TABLE OF AUTHORITIES

## Cases

*Alexander v. Gardner-Denver Co.,*
  415 U.S. 36 (1974) ...................................................................................8

*Anjelino v. New York Times Co.,*
  200 F.3d 73 (3d Cir. 1999) ....................................................................13

*Banks v. Int'l Union of Operating Eng'rs Loc. 99,*
  200 F. Supp. 3d 70 (D.D.C. 2016) ................................................... 9, 10

*Burlington N. & Santa Fe Ry. v. White,*
  548 U.S. 53 (2006) .................................................................................12

*Burton v. AFGE 1988,*
  No. 1:11-cv-01416, 2012 WL 3580399 (E.D.N.Y. Aug. 17, 2012)................10

*Carrington v. United States,*
  42 F. Supp. 3d 156 (D.D.C. 2014) .........................................................6

*Cogburn v. AFGE,*
  No. 1:06-cv-00425, 2006 WL 2884505 (S.D. Miss. Oct. 10, 2006) ...............11

*Dixon v. Int'l Bhd. of Police Officers,*
  504 F.3d 73 (1st Cir. 2007) ...................................................................13

*Dowd v. United Steelworkers of Am., Loc. No. 286,*
  253 F.3d 1093 (8th Cir. 2001) ...............................................................13

*Garity v. Am. Postal Workers Union, Nat'l Lab. Org.,*
  828 F.3d 848 (9th Cir. 2016) ....................................................... 7, 8, 10

*Goodman v. Lukens Steel Co.,*
  482 U.S. 656 (1987) .................................................................................9

*Green v. Am. Fed'n of Tchrs./Ill. Fed'n of Tchrs. Loc. 604,*
  740 F.3d 1104 (7th Cir. 2014) ...............................................................10

*Greer v. Bd. of Trs. of Univ. of D.C.*,
  113 F. Supp. 3d 297 (D.D.C. 2015) ...................................................9

*Gullaksen v. United Air Lines*,
  68 F. Supp. 3d 66 (D.D.C. 2014) ....................................................7

*Jennings v. Am. Postal Workers Union*,
  672 F.2d 712 (8th Cir. 1982) .........................................................4

*Jones v. Am. Postal Workers Union*,
  192 F.3d 417 (4th Cir. 1999) .........................................................3

*Jones v. R.R. Donnelley & Sons Co.*,
  541 U.S. 369 (2004) ....................................................................10

*Karahalios v. Nat'l Fed'n of Fed. Emps., Loc. 1263*,
  489 U.S. 527 (1989) ......................................................................4

*Kolstad v. Am. Dental Ass'n*,
  527 U.S. 526 (1999) ......................................................................9

*Meritor Sav. Bank v. Vinson*,
  477 U.S. 57 (1986) ......................................................................12

*Morales-Vallellanes v. Potter*,
  339 F.3d 9 (1st Cir. 2003) ...........................................................11

*Nat'l Air Traffic Controllers Ass'n AFL-CIO*,
  66 F.L.R.A. 467 (2012) .................................................................6

*Palmer v. Barry*,
  894 F.2d 449 (D.C. Cir. 1990) .......................................................8

*Peeples v. City of Detroit*,
  891 F.3d 622 (6th Cir. 2018) .......................................................10

*Phillips v. UAW Int'l*,
  854 F.3d 323 (6th Cir. 2017) .......................................................13

*Price v. AFGE*,
  No. 3:15-cv-00293, 2016 WL 1276421 (E.D. Va. Mar. 30, 2016) ..................11

*Rainey v. Town of Warren*,
  80 F. Supp. 2d 5 (D.R.I. 2000) ...........................................................7

*Steadman v. Governor, U.S. Soldiers' & Airmen's Home*,
  918 F.2d 963 (D.C. Cir. 1990) ...........................................................4

*Taxpayers Watchdog, Inc. v. Stanley*,
  819 F.2d 294 (D.C. Cir. 1987) ..........................................................11

*Taylor v. Rice*,
  451 F.3d 898 (D.C. Cir. 2006) ...........................................................6

*Thomas v. NLRB*,
  213 F.3d 651 (D.C. Cir. 2000) ...........................................................7

*Woods v. Graphic Commc'ns*,
  925 F.2d 1195 (9th Cir. 1991) ..........................................................13

**Statutes**

42 U.S.C. § 12101 ..............................................................................1

42 U.S.C. § 12111 ..............................................................................3

42 U.S.C. § 12112 ....................................................................... 3, 5, 6, 12

42 U.S.C. § 12117 ..............................................................................9

42 U.S.C. § 12203 ..............................................................................3

42 U.S.C. § 1981a ..............................................................................9

42 U.S.C. § 2000e ..............................................................................1

42 U.S.C. § 2000e-2 ..................................................................... 3, 5, 6, 12

42 U.S.C. § 2000e-3 ...................................................................... 3, 5

42 U.S.C. § 2000e-5 ....................................................................... 8, 9

5 U.S.C. § 7114 ...............................................................................4, 6

5 U.S.C. § 7116.................................................................................4, 7

5 U.S.C. § 7118.................................................................................8, 9

**Rules**

Fed. R. App. P. 29 ................................................................................1

## STATEMENT OF INTEREST

Congress tasked the Equal Employment Opportunity Commission (the Commission) with enforcing Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and Title I of the Americans with Disabilities Act (ADA), *id.* §§ 12101 *et seq.* This case concerns (1) whether and when federal courts have jurisdiction over Title VII and ADA claims against federal-employee unions, and (2) whether Title VII and the ADA prohibit unions from harassing their members — or failing to remedy union agents' harassment of members — on the basis of protected traits. Because the Commission has a substantial interest in the proper resolution of these questions, the agency offers its views. Fed. R. App. P. 29(a)(2).

## INTRODUCTION

Nia Lucas, a former federal employee, asserts Title VII and ADA claims against her national and local unions, the American Federation of Government Employees (AFGE) and AFGE Local 228 (together, the Unions). Lucas alleges that Local 228's president sexually harassed her and retaliated when she complained, that AFGE failed to remedy the harassment, and that the Unions otherwise discriminated against her based on sex and disability.

The district court dismissed for lack of jurisdiction. The court reasoned that the Civil Service Reform Act (CSRA) governs labor relations in federal employment and gives the Federal Labor Relations Authority (the Authority) exclusive jurisdiction over "unfair representation" claims against federal-employee unions. Mem. Op. at 13-15. The court further noted that Lucas had previously pursued unfair representation claims against the Unions before the Authority. *Id.* at 17-18. The court concluded that because Lucas's Title VII and ADA claims were premised on the same conduct, they were "properly characterized" as unfair representation claims and thus fell within the Authority's exclusive jurisdiction. *Id.* at 18-19. Accordingly, the court did not reach the merits of Lucas's Title VII and ADA claims.

That jurisdictional ruling is mistaken. Federal courts have jurisdiction over Title VII and ADA claims against federal-employee unions even when those claims are premised on conduct that could also support unfair representation claims under the CSRA. Additionally, contrary to the Unions' arguments below, Title VII and the ADA prohibit unions from

harassing their members—or failing to remedy union agents' harassment of members—based on protected traits.[1]

For these reasons, the Unions' motion for summary affirmance should be denied, and this Court should permit full briefing and argument.

## ARGUMENT

### I. Federal courts have jurisdiction over Title VII and ADA claims against federal-employee unions even when those claims are premised on conduct that could also support unfair representation claims under the CSRA.

Title VII and the ADA prohibit labor organizations from discriminating against individuals based on protected traits, including sex and disability, 42 U.S.C. §§ 2000e-2(c), 12112(a), 12111(2), and from retaliating against individuals for engaging in protected activity, *id.* §§ 2000e-3(a), 12203(a). Federal-employee unions "constitute labor organizations for purposes of Title VII liability and by proxy the ADA." *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 428 (4th Cir. 1999); *see also*

---

[1] In the decision under review, the district court dismissed another action Lucas had filed against the Unions and two individuals, asserting different claims. Mem. Op. at 19-20. The Commission takes no position on that dismissal, nor on any other issues in this appeal.

*Jennings v. Am. Postal Workers Union*, 672 F.2d 712, 715-16 (8th Cir. 1982) ("[A] federal-employee union … is subject to [Title VII].").

The CSRA imposes a duty of fair representation, which requires federal-employee unions to represent members "without discrimination." 5 U.S.C. § 7114(a)(1); *see also Karahalios v. Nat'l Fed'n of Fed. Emps., Loc. 1263*, 489 U.S. 527, 531 (1989). A union breaches that duty when, for example, it "discriminate[s] against an employee with regard to the terms or conditions of membership in the labor organization on the basis of … sex, … or handicapping condition." 5 U.S.C. § 7116(b)(4). The Authority "enjoys exclusive jurisdiction over a claim of a union's breach of its duty of fair representation." *Steadman v. Governor, U.S. Soldiers' & Airmen's Home*, 918 F.2d 963, 966 (D.C. Cir. 1990).

Here, the district court held that Title VII and ADA claims are "properly characterized" as CSRA unfair representation claims—and fall within the Authority's exclusive jurisdiction—when both sets of claims are premised on the same conduct. In other words, according to the court, when Title VII and ADA claims derive from the same factual core as unfair representation claims, the CSRA governs, and the plaintiff has no remedy for union discrimination in federal court. In the same vein, the Unions

4

contend that the CSRA forecloses Title VII and ADA claims against a federal-employee union whenever those claims "arise out of [a] plaintiff's relationship with and representation by the union." Mot. for Summ. Aff. at 13.

Contrary to the Unions' contentions, the district court's jurisdictional ruling is mistaken. Under a correct understanding of the respective statutes, discrimination claims under Title VII and the ADA are not coterminous with unfair representation claims under the CSRA even when both sets of claims are premised on the same conduct. Three key differences demonstrate as much.

### A. Title VII and the ADA prohibit a broader range of union discrimination than the CSRA.

Title VII makes it unlawful for unions to "exclude or to expel from [their] membership, or *otherwise to discriminate against*, any individual" based on protected traits, including sex. 42 U.S.C. § 2000e-2(c)(1) (emphasis added); *see also id.* §§ 2000e-2(c)(2)-(3), 2000e-3 (prohibiting additional forms of discrimination by unions). The ADA makes similar conduct unlawful when based on disability. *Id.* § 12112(a)-(b). Notably, these protections are not limited to bargaining unit members. Title VII

5

encompasses discrimination against "any individual," *id.* § 2000e-2(c)(1),

while the ADA encompasses discrimination against "any '*qualified*

individual with a disability,'" *Taylor v. Rice*, 451 F.3d 898, 905 (D.C. Cir.

2006) (quoting 42 U.S.C. § 12112(a)).

In contrast, the duty of fair representation is circumscribed. *See*

*Carrington v. United States*, 42 F. Supp. 3d 156, 162 (D.D.C. 2014) ("[T]he

Supreme Court has narrowly defined the duty of fair representation.").[2] A

union's duty of fair representation extends only to "employees in the unit it

represents." 5 U.S.C. § 7114(a)(1); *see Nat'l Air Traffic Controllers Ass'n AFL-

CIO*, 66 F.L.R.A. 467, 474 (2012) (duty of fair representation does not extend

to former or future bargaining unit members). Even then, although the

CSRA requires unions to represent members "without discrimination,"

5 U.S.C. § 7114(a)(1), it encompasses a narrower category of discrimination.

The sole provision that specifically mentions discrimination based on sex

---

[2] Many decisions articulating the duty of fair representation involve
private-employee unions and thus do not arise under the CSRA. *See Vaca v.
Sipes*, 386 U.S. 171, 177-81 (1967) (discussing genesis of duty of fair
representation). Those decisions remain relevant here because the CSRA
"adopted for government employee unions the private sector duty of fair
representation." *Nat'l Treasury Emps. Union v. FLRA*, 800 F.2d 1165, 1171
(D.C. Cir. 1986).

or "handicapping condition" prohibits only discrimination "with regard to the terms or conditions of membership in the labor organization." *Id.* § 7116(b)(4).

Given these differences, a union's conduct may constitute discrimination even when it does not constitute unfair representation. As the Ninth Circuit explains, "[a] plaintiff may still have a Title VII or an ADA claim even if she can't prove a violation of the labor laws." *Garity v. Am. Postal Workers Union, Nat'l Lab. Org.*, 828 F.3d 848, 864 (9th Cir. 2016); *see Rainey v. Town of Warren*, 80 F. Supp. 2d 5, 17 (D.R.I. 2000) ("[A] union can violate Title VII absent a breach of its duty of fair representation.").

## B. Title VII and ADA claims are subject to different substantive and procedural requirements than CSRA claims.

The standard for proving unfair representation is also more rigorous because courts generally "accord deference to a union" in the labor context. *Thomas v. NLRB*, 213 F.3d 651, 656 (D.C. Cir. 2000); *see Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 66 (1991) ("Any substantive examination of a union's performance … must be highly deferential…."). Thus, "[p]laintiffs alleging a breach of the duty of fair representation have a high bar to meet." *Gullaksen v. United Air Lines*, 68 F. Supp. 3d 66, 70 (D.D.C. 2014).

In contrast, "there is no reason to grant [unions] the same deference when it comes to determining if [they] discriminated against their members on the basis of a protected classification." *Garity*, 828 F.3d at 864. Instead, the "plaintiff-friendly pleading standards" under Title VII and the ADA "make clear that the free hand unions have in other labor matters does not extend to discrimination suits." *Id.* Thus, proving discrimination may be less difficult than proving unfair representation. The Supreme Court has acknowledged, "a breach of the union's duty of fair representation may prove difficult to establish," making it "noteworthy that Congress thought it necessary to afford the protections of Title VII against unions as well as employers." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 58 n.19 (1974).

The statutes also apply different limitations periods. Under the CSRA, an unfair labor practice charge must be filed within six months of the challenged conduct. 5 U.S.C. § 7118(a)(4)(A). Under Title VII and the ADA, in deferral jurisdictions[3] like the District of Columbia, a

---

[3] A deferral jurisdiction is one in which a state or local agency is empowered to "grant or seek relief from" unlawful employment practices. 42 U.S.C. § 2000e-5(e)(1). The District of Columbia is a deferral jurisdiction. *Palmer v. Barry*, 894 F.2d 449, 451 n.2 (D.C. Cir. 1990).

discrimination charge may be filed up to 300 days after the challenged conduct. 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); *Greer v. Bd. of Trs. of Univ. of D.C.*, 113 F. Supp. 3d 297, 307 (D.D.C. 2015). Thus, discrimination claims may be timely even when unfair representation claims are not. *See Banks v. Int'l Union of Operating Eng'rs Loc. 99*, 200 F. Supp. 3d 70, 76 (D.D.C. 2016) ("[T]he fact that Plaintiff's breach of duty claim is time-barred does not similarly bar his discrimination claims.").

### C. Title VII and the ADA offer a broader collection of remedies than the CSRA.

The CSRA does not contemplate compensatory or punitive damages. *See* 5 U.S.C. § 7118(a)(7). In contrast, Title VII and the ADA expressly provide for such damages. 42 U.S.C. § 1981a(b); *see generally Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999) (discussing available damages under Title VII, with particular focus on punitive damages).

Given these critical differences, courts have long treated discrimination and unfair representation claims as separate and distinct causes of action. *See, e.g., Goodman v. Lukens Steel Co.*, 482 U.S. 656, 667 (1987) (lower court's holding that unions discriminated in violation of Title VII not equivalent to holding that unions "violated their duty of fair

representation"), *superseded by statute on other grounds as stated by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *Garity*, 828 F.3d at 851 ("[A] prima facie disability discrimination claim against a union does not require that a plaintiff demonstrate that the union breached its duty of fair representation."); *Peeples v. City of Detroit*, 891 F.3d 622, 636-38 (6th Cir. 2018) (to prevail on Title VII claim, plaintiff need not show union breached duty of fair representation); *Green v. Am. Fed'n of Tchrs./Ill. Fed'n of Tchrs. Loc. 604*, 740 F.3d 1104, 1105 (7th Cir. 2014) (Title VII "forbids discrimination by any labor organization" and does not "turn on the existence of a statutory or contractual duty violated by the act said to be discriminatory"); *Banks*, 200 F. Supp. 3d at 76 ("[A] plaintiff is not required to show a breach of a union's duty of fair representation in order to make out a *prima facie* case of discrimination under Title VII, [or] the ADA….").

It follows that federal courts have jurisdiction over Title VII or ADA claims against a federal-employee union even when those claims are premised on conduct that could also support an unfair representation claim and "arise out of [a] plaintiff's relationship with and representation by [her] union." Mot. for Summ. Aff. at 13; *see Burton v. AFGE 1988*, No. 1:11-cv-01416, 2012 WL 3580399, at *6-13 (E.D.N.Y. Aug. 17, 2012)

10

(dismissing unfair representation claims against federal-employee union, but allowing plaintiff to pursue Title VII claims); *Cogburn v. AFGE*, No. 1:06-cv-00425, 2006 WL 2884505, at *7 (S.D. Miss. Oct. 10, 2006) ("Defendants' assertion that the CSRA preempts Plaintiff's Title VII claims is without merit."); *see also Morales-Vallellanes v. Potter*, 339 F.3d 9, 19 n.7 (1st Cir. 2003) (discrimination claims against federal-employee union "are theoretically actionable under Title VII" if properly preserved); *Price v. AFGE*, No. 3:15-cv-00293, 2016 WL 1276421, at *6 n.17 (E.D. Va. Mar. 30, 2016) (agreeing that "CSRA did not extinguish a union plaintiff's right to bring suit under Title VII").

Accordingly, the Unions cannot satisfy their "heavy burden of establishing that the merits of [t]his case are so clear that expedited action is justified." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987).

## II. Title VII and the ADA prohibit unions from harassing their members—or failing to remedy union agents' harassment of members—on the basis of protected traits.

Although the Unions do not raise it in their motion for summary affirmance, this appeal presents another important question regarding the scope of Title VII's and the ADA's union provisions. Below, the Unions

11

alternatively argued, among other things, that unions categorically cannot be liable for harassment claims asserted by members. Defendants' Mot. to Dismiss at 21-22, No. 1:22-cv-00777 (D.D.C. June 28, 2022) (ECF No. 13). Because the district court dismissed on jurisdictional grounds, it did not reach this question.

If this Court reaches the issue, it should hold that unions may be liable for harassing their members—or failing to remedy union agents' harassment of members—on the basis of protected traits.

The statutory text dictates this result. Title VII and the ADA make it unlawful for unions to "discriminate against" individuals based on sex or disability. 42 U.S.C. §§ 2000e-2(c)(1), 12112(a). The phrase "discriminate against" plainly encompasses harassment. As the Supreme Court has explained, "the term 'discriminate against' refers to distinctions or differences in treatment that injure protected individuals," *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 59 (2006), and "[w]ithout question," harassing someone because of a protected trait constitutes "'discriminat[ion]' on the basis of [that trait]," *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 64 (1986).

For this reason, every court of appeals that has addressed the issue has concluded that unions may be liable when they or their agents harass members because of protected traits. *See Dowd v. United Steelworkers of Am., Loc. No. 286*, 253 F.3d 1093, 1102 (8th Cir. 2001) ("[T]he plain language of [Title VII] suggests that unions may be liable for any discrimination, including a claim of hostile work environment."); *Dixon v. Int'l Bhd. of Police Officers*, 504 F.3d 73, 85 (1st Cir. 2007) (union may be liable for "discrimination within the union, by union members"); *Woods v. Graphic Commc'ns*, 925 F.2d 1195, 1201 (9th Cir. 1991) ("We see no reason why a union should not be equally liable for its acts of racial harassment against its own members."); *see also Phillips v. UAW Int'l*, 854 F.3d 323, 326-27 (6th Cir. 2017) (stating in dicta that statutory text "might support a reading that Title VII prohibits unions from creating hostile work environments"); *Anjelino v. New York Times Co.*, 200 F.3d 73, 95 (3d Cir. 1999) ("a union may be held liable under Title VII" for sexual harassment).

## CONCLUSION

For these reasons, the Unions' motion for summary affirmance should be denied, and this Court should permit full briefing and argument.

13

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

DARA S. SMITH
Assistant General Counsel

/s/ Steven Winkelman
STEVEN WINKELMAN
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(202) 921-2564
steven.winkelman@eeoc.gov

July 27, 2023

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and 29(a)(5) because it contains 2,598 words, excluding the parts of the brief exempted by D.C. Circuit Rule 32(a)(1).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Book Antiqua 14 point.

/s/ Steven Winkelman
STEVEN WINKELMAN
Attorney

July 27, 2023

## CERTIFICATE OF SERVICE

I certify that on July 27, 2023, I electronically filed the foregoing brief in PDF format with the Clerk of Court via the appellate CM/ECF system. I certify that all counsel of record and plaintiff-appellant, a pro se litigant, are registered CM/ECF users, and service will be accomplished via the appellate CM/ECF system.

/s/ Steven Winkelman
STEVEN WINKELMAN
Attorney

July 27, 2023